IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE KING/MOROCCO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:18-cv-2928-S (BT) |
| | § | |
| SEWELL AUTOMOTIVE, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. For the following reasons, the complaint should be dismissed.

I.

Plaintiff is proceeding *pro se*, and has filed a motion to proceed *in forma pauperis.* On December 6, 2018, the Court found Plaintiff failed to show he is entitled to proceed *in forma pauperis* because (1) he answered "N/A" to each question on the *in forma pauperis* application, and (2) he filed this complaint on behalf of a head of State, "the King," and on behalf of the Kingdom of Morocco, but only natural persons may qualify for *in forma pauperis* status under 28 U.S.C. § 1915. *See Rowland v. Calif. Men's Council, Unit II Men's Advisory Council*, 506 U.S. 194, 210-211 (1993) (stating that "person" in § 1915 refers only to individuals). The Court ordered Plaintiff to pay the filing fee or file a proper motion to proceed *in forma pauperis* within 20 days, or the Court would

1

recommend that the complaint be dismissed. More than 20 days have passed, and Plaintiff has failed to respond to the Court's order.

## II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court has issued a deficiency notice to Plaintiff, but he has failed to respond to the Court's order. This litigation cannot proceed until Plaintiff complies with the Court's order. Accordingly, unless Plaintiff pays the full filing fee within 14 days of this recommendation, the complaint should be dismissed for want of prosecution under Fed. R. Civ. P. 41(b).

## III.

The Court recommends that Plaintiff's motion to proceed *in forma pauperis* be denied, and if Plaintiff fails to pay the full filing fee within 14 days of this recommendation, the Court further recommends that Plaintiff's complaint be dismissed without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed January 18, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).